UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSANPREET SINGH SANDHU,<br>Petitioner,<br>v.<br>WARDEN OF CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-04334 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Hussanpreet Singh Sandhu, a noncitizen who has lived in the United States since 2023. Based on the Government's interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community prior to revoking his release. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner, a native of India, entered the United States on July 1, 2023 near Yuma, Arizona and was detained by U.S. Customs and Border Patrol shortly thereafter. Dkt. No. 1 ¶ 2; Dkt. No. 7-1 at 2. Following his arrest, Petitioner was placed into removal proceedings and released into the United States to pursue an asylum claim. Dkt. No. 1 ¶¶ 54–56. Since then he has "resided openly in Fresno, California[,]" received work authorization from USCIS, and "complied with [his] Immigration Court proceedings." *Id.* ¶¶ 58–61. He claims to have no criminal history—a contention which

Respondents do not dispute. *Id.* ¶ 65.

Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on April 14, 2026 during a commercial truck inspection. *Id.* ¶ 62; Dkt. No. 7-2 at 2. He has remained detained since that date and has not been provided a bond hearing.

## II. DISCUSSION

Petitioner filed this habeas petition arguing, among other things, that his re-detention without any finding of changed circumstances violates his procedural due process rights. *See* Dkt. No. ¶¶ 69–78. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). For the reasons that follow, the Court finds that Petitioner's continued detention violates his right to due process and orders his immediate release.

### A. Liberty Interest

As an initial matter, Respondents oppose relief on the ground that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 7 at 1. This argument is foreclosed by Ninth Circuit precedent. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). And in any event, as Petitioner was previously released by immigration authorities and has no final order of removal in place, the Court "need not determine whether § 1225 or § 1226 applied in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-1566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

"[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise'

that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). As such, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities to pursue his asylum claim, he has a protected liberty interest in his continued freedom.

**B. *Mathews* Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued freedom. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil

removal proceedings for over three years. In the intervening time, he has been allowed to develop ties in his community working and living at liberty. "H[is] detention denies h[im] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The record before the Court indicates that there was no independent finding of changed circumstances before Petitioner was re-detained. In fact, nothing before the Court suggests that Petitioner has a criminal record, and it appears he has complied in his immigration proceedings since his initial release. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

In light of the fact that Respondents failed to make any showing of changed circumstances before re-detaining Petitioner, he is entitled to release.

## III. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Hussanpreet Singh Sandu from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This Order does not address the circumstances under which Petitioner may be re-detained in the event he becomes subject to an executable order of removal.

5. This order resolves all pending motions. Petitioner's motions for judgment on the pleadings and to enforce judgment are resolved as moot.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 4, 2026

VINCE CHHABRIA
United States District Judge